J. N. CHRISTIAN *et al. v.* JOHN E. CLARK *et al.*

SUPREME COURT PRACTICE. *Receiver.* The Supreme Court will not, upon motion in advance of the regular hearing of a cause, hear and determine the rights of the parties upon a part of the matters of litigation; as, for example, so much of the cause as relates to the appointment of a receiver pending the litigation below.

---

FROM DEKALB.

---

Appeal from the Chancery Court at Smithville. W. G. CROWLEY, Ch.

R. CANTRELL and J. J. FORD for complainants.

NESMITH and W. D. GOLD for defendants.

COOPER, J., delivered the opinion of the court.

A motion has been made by the appellant Clark to supersede or rescind an order of the chancellor ap-

pointing a receiver. Upon examining the transcript of the record, we find that the receiver was appointed nearly a year before the final decree appealed from, and that the fact that the receiver was in possession of the land in controversy is recited in the decree. No application was made, at the time the receiver was appointed, to supersede the order under the Code, sec. 3933. No order was made by the court below after the final decree requiring a *supersedeas*, as in *Hoge* v. *Hollister*, 8 Baxt., 533. The appeal vacated the final decree, and nothing can be done under it. The present application is, therefore, in effect a motion to revise the action of the chancellor in appointing the receiver. In other words, this court is now asked to hear and determine the rights of the parties upon so much of the case as relates to the receiver separately. But we have repeatedly held that this cannot be done. We cannot have separate hearings of different parts of the same case: *Scoggins* v. *Cowden*, 1 Lea, 134; *Allen* v *Harris*, 4 Lea, 190; *Stewart* v. *Love*, 3 Lea, 374.

Motion refused.